UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

INTERNATIONAL INSTITUTE FOR
THE BRAIN, LTD.,
                         Plaintiff,

                -v-

SAPNA KAPOOR, *in her official
capacity*, and NEW YORK CITY
DEPARTMENT OF EDUCATION,
                         Defendants.

20-CV-8002 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff International Institute for the Brain, Ltd. ("iBrain") filed this suit against Sapna Kapoor, an official with the New York City Department of Education ("DOE") and DOE itself, asserting claims under the Individuals with Disabilities Education Act ("IDEA"). (Dkt. No. 1-1 ("Compl.").) Defendants move to dismiss, arguing primarily that iBrain lacks standing under the IDEA. For the reasons that follow, Defendants' motion is granted.

**I.  Background**

The following facts are taken from the operative complaint and are presumed true for the purposes of this motion.

iBrain is a private special education school. (Compl. ¶ 5.) In June 2020, 17 parents of iBrain students sued DOE for DOE's unwillingness to pay what iBrain alleges was owed under pendency orders for the 2019-20 school year. (Compl. ¶ 6.) Shortly thereafter, the plaintiffs in that case moved for a preliminary injunction requiring DOE to make all outstanding pendency payments, which this Court denied. *See Abrams v. Carranza*, 20 Civ. 5085, 2020 WL 4504685 (S.D.N.Y. Aug. 5, 2020). The plaintiffs also moved for reconsideration, which this Court later denied. *See Abrams v. Carranza*, 20 Civ. 5085, 2020 WL 6048785 (S.D.N.Y. Oct. 13, 2020).

On August 31, 2020, iBrain received a letter from its landlord demanding rent arrears of $618,798.60 to be paid within three weeks, lest the landlord "exercise [its] legal rights as provided by the Lease and the law." (Compl. ¶ 20; Dkt. No. 1-1 at 173.[1]) On September 8, 2020, iBrain's chief operating officer emailed parents of iBrain students informing them that iBrain would file the present suit to secure funding and, in the event it was unsuccessful, it "will need to meet and discuss the enrollment agreement for your child." (Compl. ¶ 21; Dkt. No. 1-1 at 174.) iBrain sued in New York state court that same day, and the case was removed to federal court on September 28, 2020. (Dkt. No. 1.)

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering the motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). And while "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, the Court must draw "all inferences in the light most favorable to the nonmoving party[ ]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

---

[1] The Court uses the ECF-generated numbering for all pages following the complaint.

**III.   Discussion**

Defendants, citing Second Circuit case law, argue that dismissal is warranted because iBrain, as a private school, lacks standing under the IDEA.² In *County of Westchester v. New York*, the Second Circuit analyzed whether Congress created a private right of action for intermediaries — counties, in that case, and analogizable to private schools here — under the IDEA. 285 F.3d 150, 151–52 (2d Cir. 2002). Since Congressional intent is "dispositive," the Court reasoned that "[s]ince Congress expressly provided a private right of action in favor of certain groups . . . but did not expressly provide a private right of action in favor of a county, educational agency or any other entity . . . we find it extremely unlikely that Congress intended to do so." *County of Westchester*, 286 F.3d at 152 (citing *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 23–24 (1979)). While *County of Westchester* dealt with a different IDEA provision, 20 U.S.C. § 1412(12), than the one iBrain sues under here, § 1415(j), the logic remains: Nowhere did Congress create a right of action for parties beyond students, their parents and guardians, and the Secretary of Education. 285 F.3d at 152–53. A recent case from the Eastern District of New York, *Ascent v. New York State Educ. Dep't*, concurs. 2019 WL 1466901, at *1 (E.D.N.Y. Mar. 31, 2019) (holding that plaintiffs, both private schools, "may not bring a cause of action under the IDEA").

iBrain urges this Court to conclude that the "unique set of facts" dictates finding an implied right of action under the IDEA here. (Dkt. No. 15 at 13.) It cites *Warth v. Seldin* for the proposition that "[i]n some circumstances, countervailing considerations may outweigh the concerns underlying the usual reluctance to exert judicial power when the plaintiff's claim to

---

² Defendants also argue that service on Kapoor was insufficient and that claims against her fail as a matter of law. The Court need not and does not address either argument.

relief rests on the legal rights of third parties." 422 U.S. 490, 500–01 (1975).  But iBrain offers no indication that these are such circumstances.  The only case it cites in its favor is *Brooklyn School for Special Children v. Crew*, where the court reasoned that "[t]he fact that disabled children and their parents are entitled to bring suits does not disentitle providers from suing, in the event that they meet the requirements for standing under Article III of the Constitution and prudential doctrines adopted by the federal courts." 1997 WL 539775 (S.D.N.Y. Aug. 28, 1997).  But the Second Circuit ruled otherwise five years later in *County of Westchester*, a fact emphasized by the *Ascent* court.  2019 WL 1466901 at *2 (describing plaintiff's reliance on *Crew*, "a district court case predating *County of Westchester*," as "misplaced").

    This Court will not invent a new right of action under the IDEA.  Without it, iBrain's complaint must be dismissed.

**IV.   Conclusion**

    For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The Clerk is Court is respectfully directed to close the motion at Docket Number 9 and to close the case.

    SO ORDERED.

Dated: July 26, 2021
       New York, New York

                                        J. PAUL OETKEN
                                        United States District Judge